**DISMISS and Opinion Filed February 25, 2021**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

---

**No. 05-20-00845-CV**

---

**JAMES HUAMAN, Appellant**

**V.**

**LAURA RICHARDS SHERRY, Appellee**

---

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 105497-422**

---

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Goldstein

This appeal follows the trial court's order granting appellee's motion to dismiss underlying claims for business disparagement and tortious interference with business relationships. The motion sought dismissal of both claims under the Texas Citizens' Participation Act (TCPA) as well as Texas Rule of Civil Procedure 91a. The trial court granted the motion without stating a basis and awarded appellee attorney's fees under both the statute and rule. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009 (requiring court in most situations to award costs and reasonable attorney's fees for defending against legal action to moving party if court orders

dismissal of that action); TEX. R. CIV. P. 91a.7 (providing that, in most situations, court may award prevailing party all costs and reasonable fees incurred with respect to challenged cause of action). Before the Court is appellee's motion to dismiss the appeal for want of jurisdiction. Appellee asserts in the motion that, to the extent the order granted relief under the TCPA, we lack jurisdiction because the appeal is untimely; to the extent the order granted relief under rule 91a, we lack jurisdiction because the appeal is moot.[1] We agree with appellee and grant the motion.

## DISCUSSION

The appeal was filed as a regular appeal pursuant to Texas Rule of Appellate Procedure 26.1(a)(1), seventy-five days after the judgment was signed. *See* TEX. R. APP. P. 26.1(a)(1) (notice of appeal is due within ninety days of judgment if motion for new trial is timely filed). Appellee correctly asserts, however, that appeals under the TCPA are accelerated and must be filed within twenty days of judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b) (appeal from order on TCPA motion to dismiss shall be expedited); TEX. R. APP. P. 28.1(a) (appeals required by statute to be expedited are accelerated);[2] *see also id.* 26.1(b) (notice of appeal in

---

[1] In his response to the motion, appellant notes appellee filed the motion to dismiss nearly three months after the appeal was filed and argues the Court should deny the motion based on the "unreasonably long delay" and waiver. A court's jurisdiction, however, cannot be waived and can be challenged at any time. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

[2] Appellant disputes appeals under the TCPA are accelerated because the statute uses the term "expedite." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b). However, as appellate rule 28.1(a) provides, appeals required by statute to be expedited are accelerated.

accelerated appeal is due within twenty days of judgment). Because the notice was filed seventy-five days after judgment, the appeal is untimely and we lack jurisdiction to the extent the challenged order granted relief under the TCPA.[3] *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal is jurisdictional).

To the extent the order granted relief under rule 91a, appellee asserts we also lack jurisdiction even though the appeal was timely filed as a regular appeal. Appellee contends no relief can be granted under rule 91a unless relief is also granted under the TCPA since the appealed order does not distinguish between the two bases for dismissal. Because the appeal must be dismissed as untimely to the extent it granted relief under the TCPA, appellee asserts the appeal of the rule 91a portion is moot and must also be dismissed.[4] *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("[A] case is moot when the court's action on the merits cannot affect the parties' rights or interests."); *Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010) ("Appellate courts are prohibited from deciding moot controversies[.]"). We

---

[3] Appellant asserts dismissal "in this context" is discretionary and notes that under the Texas Supreme Court emergency Covid-19 orders, extensions should be "generously granted." Appellant, however, did not file a motion to extend the time to file his notice of appeal, and dismissals for want of jurisdiction are mandatory in all "contexts," *see In re Estate of Boren*, 268 S.W.3d 841, 845 (Tex. App.—Texarkana 2008, pet. denied).

[4] Appellant does not address the mootness argument but appears to read appellee's motion as asserting the appeal as to the rule 91a claims should also be dismissed as untimely under the accelerated deadline. Appellant maintains that applying accelerated deadlines to rule 91a claims is contrary to public policy and disenfranchising.

agree and find the situation before us analogous to the situation presented in an appeal from a summary judgment that summarily grants a motion that asserts multiple grounds for judgment. In such an appeal, the appellant must challenge every ground asserted in the motion; failure to do so results in the summary judgment being affirmed. *See Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Here, determining appellant's complaints under rule 91a will accomplish nothing even if it is determined dismissal under the rule was improper as the trial court could have granted relief under the TCPA. *See Sanchez v. Striever*, 614 S.W.3d 233, 241 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (addressing TCPA claim, in appeal from order dismissing claim under both rule 91a and TCPA, after sustaining issue as to rule 91a claim); *Jones v. Sherry*, No. 03-18-00279-CV, 2019 WL 2707968, *4 n.5 (Tex. App.—Austin June 28, 2019, no pet.) (mem. op.) (affirming order dismissing claims under rule 91a and TCPA based on rule 91a analysis alone).

Because the appeal is untimely to the extent the challenged order granted relief under the TCPA and moot to the extent the order granted relief under rule 91a, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

200845F.P05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JAMES HUAMAN, Appellant

No. 05-20-00845-CV     V.

LAURA RICHARDS SHERRY,
Appellee

On Appeal from the 422nd Judicial
District Court, Kaufman County,
Texas
Trial Court Cause No. 105497-422.
Opinion delivered by Justice
Goldstein, Justices Molberg and
Smith participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Laura Richards Sherry recover her costs, if any, of this appeal from appellant James Huaman.

Judgment entered February 25, 2021.